UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF KAYLA MILLER,
*deceased*, by MARY SANDERS,
*personal representative*,

       Plaintiff,

v.

Civil Case No. 18-12224
Honorable Linda V. Parker
Magistrate Mona K. Majzoub

ANTHONY STEWART-Warden
WOMEN'S HURON VALLEY
CORRECTIONAL FACILITY;
PAM FRIESS, Health Unit Manager; MDOC
OFFICER BRITTANY LORRAINE SHANKS;
MDOC OFFICER TIFFANY IRIS HEATH;
MDOC OFFICER DOMINIQUE LINETTE REEBER-
ROMERO; MDOC OFFICER LINDA SUE TACKETT;
KELLY MCDONNELL, LPN; COURTNEY
PAQUETTE, LPN; MICHELLE GEYMANN, LPN;
WANDA MILES, LPN; DEBBYSUE DETLOFF, LPN;
and JOHN/JANE DOE'S 1-6, *in their individual capacities*,
*joint and severally*,

       Defendants.
_____/

## OPINION AND ORDER
## (1) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 3)
## AND (2) DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1)

On July 16, 2018, Plaintiff Mary Sanders ("Plaintiff"), as personal representative of the estate of Kayla Miller ("Miller"), filed this lawsuit arising out of a July 16, 2015 incident wherein Miller died from a heroin overdose while she

was an inmate at the Women's Huron Valley Correctional Facility. (ECF No. 1.) Plaintiff alleges two counts against all 11 defendants: (1) violation of civil rights pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983; and (2) gross negligence, intentional willful and wanton misconduct, withholding of safety measures, failure to protect and withholding of medical aid/medication. (*Id*.) Previously on August 2, 2017, Plaintiff filed a largely identical lawsuit in this Court arising out of the same July 16, 2015 incident. (ECF No. 3-2.) On June 14, 2018, the Court dismissed that suit with prejudice for failure to state a claim upon which relief could be granted. (ECF No. 3-3 and 3-4.) Presently before the Court is Defendant Detloff's Motion to Dismiss. (ECF No. 3.)

Plaintiff's prior complaint alleged identical claims arising out of the same July 16, 2015 incident against the same defendants as in the instant action. (ECF No. 3-2.) Plaintiff's complaint in the present action, however, makes an allegation as to Defendant Detloff not in the previous complaint—that Detloff (and others) were specifically aware of a phone conversation between Miller and Lingle wherein drug transactions were discussed and planned. (ECF No. 1 at ¶ 35.)

In the June 14, 2018 Opinion and Order granting Defendants' Motion to Dismiss Plaintiff's August 2, 2017 Complaint, the Court held that Plaintiff failed to state a viable constitutional claim against any defendant because Plaintiff did not

2

allege any specific constitutional misconduct by the defendants. (ECF No. 3-4.) The Court subsequently dismissed the entirety of Plaintiff's lawsuit with prejudice. (ECF No. 3-3.) Presently, Plaintiff seeks that her claims be heard again, adding some specificity to her previous allegations. Plaintiff, however, has not filed a motion requesting relief from the prior judgment, pursuant to Fed. R. Civ. P. 60(b)(2), due to newly discovered evidence supporting her new allegations—as would be the proper course of action. Rather, Plaintiff has filed this new lawsuit, augmenting some of the insufficiencies noted in her previous complaint.

Under the res judicata doctrine, a claim is barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated, or which should have been litigated in the prior action; and (4) identity of the causes of action. *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). In the instant action, all four elements are clearly present. Although Plaintiff has added allegations, these constitute issues which should have been litigated in the prior action. If Plaintiff has discovered new evidence that was not previously available, she should have moved this Court to grant relief from its prior judgment. Regardless, the present lawsuit is barred by the doctrine of res judicata and must be dismissed. *See Butts v. Wilkinson*, No. 96-4280, 1998 WL 152778, *1 (6th Cir.

3

Mar. 25, 1998) (unpublished opinion) (upholding dismissal of prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A based upon res judicata doctrine).

Furthermore, even if Plaintiff's claims were not barred by res judicata, this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has not sufficiently pled the constitutional violations she alleges for the same reasons stated in the Court's previous decision; Plaintiff's allegations are conclusory, unsupported, and lacking in specificity. Consequently, the present complaint still does not establish a claim upon which relief could be granted.

For the stated reasons, the Court grants Defendant's Motion to Dismiss.

Accordingly,

**IT IS ORDERED**, that Defendant Detloff's Motion to Dismiss (ECF No. 3.) is **GRANTED**; and

**IT IS FURTHER ORDERED**, that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 31, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 31, 2018, by electronic and/or

4

U.S. First Class mail.

                                              <u>s/ R. Loury</u>
                                              Case Manager